B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Mark I. Fishman, as Trustee for the Estates of Highgate LTC Management, LLC and Highgate Manor Group, LLC | Brandila Investments, Howard S. Krant, Scott H. Bialick, Krant & Bialick, LLC, Leslie Gaber Associates, Hal Forgosh Family Trust I and Hal Forgosh Family Trust II |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Neubert, Pepe, & Monteith, 195 Church Street, 13th Floor, New Haven, CT 06510, 203-821-2000 | |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| □ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     □ Other<br>☒ Trustee | □ Debtor        □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor     ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Avoidance and Recovery of Fraudulent Transfers pursuant to 11 USC Sections 544b; 548(a)(1) and 550(a)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ 915,000+ |

Other Relief Sought

Damages for breach of fiduciary duties, unjust enrichment and conversion

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Highgate LTC Management, LLC | | BANKRUPTCY CASE NO.<br>07-11068 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District, New York | | DIVISION OFFICE<br>Albany | NAME OF JUDGE<br>Littlefield |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE<br><br>December 2, 2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Louis J. Testa |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____x

**In re:**

**HIGHGATE LTC MANAGEMENT, LLC.,**

**Debtors.**
_____x

**MARK I. FISHMAN, AS TRUSTEE FOR THE**
**ESTATES OF HIGHGATE LTC MANAGEMENT,**
**LLC and HIGHGATE MANOR GROUP, LLC**

**Plaintiff.**

**v.**

**BRANDILA INVESTMENTS, HOWARD S. KRANT,**
**SCOTT H. BIALICK, KRANT & BIALICK, LLC,**
**LESLIE GABER, LESLIE GABER ASSOCIATES,**
**HAL FORGOSH FAMILY TRUST I AND HAL**
**FORGOSH FAMILY TRUST II**

**Defendants.**
_____x

**Chapter 11**
**Case No. 07-11068 REL**
**(Jointly Administered)**

**Adv. Proc. No. _____**

## COMPLAINT

Plaintiff, Mark I. Fishman, Esq. as trustee for the estates of Highgate LTC Management,

LLC and Highgate Manor Group, LLC ("Plaintiff" or "Trustee"), complaining against

Defendants, above named, alleges as follows:

## INTRODUCTION

1.      This complaint initiates an adversary proceeding pursuant to §§ 544, 548 (a)(1)

and 550 (a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. ("Bankruptcy

Code"), state and common law, and Federal Rule of Bankruptcy Procedure 7001(1), to (a) avoid

certain transfers of property of the estates, (b) recover such property or the value of such

property for the benefit of the estate, (c) obtain other monetary recovery and (d) obtain further and related relief.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this adversary proceeding under, inter alia, 28 U.S.C. §§ 1334 and 157.

3.      This is a core proceeding pursuant to, inter alia, 28 U.S.C. §§ 157(b)(2)(A), (E), (H) and (O).

4.      Venue of this adversary proceeding in this Court is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5.      On May 21, 2007, pursuant to 11 U.S.C. § 1104, Plaintiff was appointed Chapter 11 Trustee of the jointly administered bankruptcy estates of Highgate LTC Management, LLC ("Highgate LTC") and Highgate Manor Group, LLC ('Highgate Manor") (hereinafter collectively referred to as "Debtors") under Case No. 07-11068 in this Court. Plaintiff continues to serve as Trustee and is vested with all of the Debtors' legal and equitable rights as of April 16, 2007 as well as the right to avoid any transfer of an interest of the Debtors in property that is voidable by the Debtors' creditors holding unsecured claims allowable under Section 502 of the Bankruptcy Code.

6.      Upon information and belief, at all times hereinafter mentioned, Defendant, Howard S. Krant ("Defendant Krant") was a member of Krant & Bialick, LLC.

7.      Upon information and belief, at all times hereinafter mentioned, Defendant, Scott H. Bialick ("Defendant Bialick") was a member of Krant & Bialick, LLC.

8.    Upon information and belief, at all times hereinafter mentioned, Defendant, Krant & Bialick, LLC ("Defendant K&B, LLC") was a limited liability corporation formed under the laws of the State of New Jersey.

9.    Upon information and belief, at all times hereinafter mentioned, Defendant, Leslie Gaber ("Defendant Gaber") was an individual maintaining a principal residence at 1 Longstreet Road, Manalapan, New Jersey 07726.

10.    Upon information and belief, at all times hereinafter mentioned, Defendant, Leslie Gaber Associates ("Defendant Gaber Associates") was a corporation duly organized, chartered and existing under and by virtue of the laws of the State of New Jersey.

11.    Upon information and belief, at all times hereinafter mentioned, Defendant, Brandila Investments ("Defendant Brandila") was a corporation duly organized, chartered and existing under and by virtue of the laws of the State of New Jersey.

12.    Upon information and belief, at all times hereinafter mentioned, Defendant, Hal Forgosh Family Trust I ("Defendant HFT I") was a trust established by Defendant Gaber for the benefit of certain unknown beneficiaries believed to be members of the family of Defendant Gaber.

13.    Upon information and belief, at all times hereinafter mentioned, Defendant, Hal Forgosh Family Trust II ("Defendant HFT II") was a trust established by Defendant Gaber for the benefit of certain unknown beneficiaries believed to be members of the family of Defendant Gaber.

3

## BACKGROUND

14.    On April 16, 2007, ("Petition Date") Highgate LTC and Highgate Manor each filed voluntary petitions for relief under Chapter 11, of the Bankruptcy Code in the United States Bankruptcy Court for the Northern of New York ("Bankruptcy Cases"). This adversary proceeding arises out of and relates to the Bankruptcy Cases.

15.    Until the appointment of a Receiver in November 2006, the Debtors had operated the following four skilled nursing homes: Northwoods Rehabilitation and Extended Care Facility-Rosewood Gardens (Rensselaer County), Northwoods Rehabilitation and Extended Care Facility-Troy (Rensselaer County), Northwoods Rehabilitation and Extended Care Facility-Hilltop (Schenectady County) and Northwoods Rehabilitation and Extended Care Facility-Cortland (Cortland County).

16.    On or about July 28, 2003 an action was commenced in the Supreme Court, State of New York, County of New York entitled *Leslie Gaber, Leslie Gaber Associates, Brandila Investments, Hal Forgosh Family Trust I and Hal Forgosh Family Trust II against Howard S. Krant, CPA, Scott H. Bialick, Krant & Bialick, LLC., Highgate Manor Group, LLC., Lakewood Plaza Associates, L.P., and Untitled Press, Inc.,* Index No. 03-602371 ("State Court Action"),[1] in which the State Court Plaintiffs, inter alia, alleged wrongdoing by Defendants Krant, Bialick and K & B, LLC and sought, inter alia, the return of their equity investment in Highgate Manor..

17.    On or about September 22, 2004 the parties to the State Court Action agreed to settle the State Court Action (the "State Court Settlement").

---

[1] The Plaintiffs in the State Court Action, Leslie Gaber, Leslie Gaber Associates, Brandila Investments, Hal Forgosh Family Trust I and Hal Forgosh Family Trust II are collectively hereinafter referred to as the **"State Court Plaintiffs"**. The Defendants in the State Court Action, Howard S. Krant, Scott H. Bialick, Krant & Bialick, LLC., Highgate Manor Group, LLC., Lakewood Plaza Associates, L.P., and Untitled Press, Inc., are collectively hereinafter referred to as the **"State Court Defendants"**.

18.    Upon information and belief, during the period of time commencing December 3, 2004, through and including August 31, 2005, possibly in connection with the State Court Settlement, one or both of the Debtors made a series of transfers in various amounts to one or more of the State Court Plaintiffs in the aggregate amount of Eight Hundred Seventeen Thousand, Four Hundred Seventy-Two and 40/100 Dollars ($817,472.40) ("Period I Transfers"). The Period I Transfers were made, respectively, on or about December 3, 16, (2 transfers) and 30, 2004 and January 21 (2 transfers) and 31, February 28, March 31, April 28, May 27, June 29, July 29 and August 31, 2005.

19.    Upon information and belief, during the period of time commencing May 31, 2001, through and including June 30, 2004, the Debtors made a series of transfers in various amounts to one or more of the State Court Plaintiffs in the aggregate amount of Ninety Eight Thousand, Six Hundred Eleven and 00/100 Dollars ($98,611.00) ("Period II Transfers").

**I.      Claims under Article 10, New York Debtor and Creditor Law, Against Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II**

**FIRST CLAIM FOR RELIEF (AGAINST DEFENDANTS GABER, GABER ASSOCIATES, BRANDILA INVESTMENTS, HAL FORGOSH FAMILY TRUST I AND HAL FORGOSH FAMILY TRUST II)**
***(Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 273)***

20.    Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "19" above and incorporates the same herein.

21.    Upon information and belief, the Debtors made the Period I Transfers to Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II while insolvent or was thereby rendered insolvent.

22.    Upon information and belief, the Period I Transfers were made without fair consideration.

5

23. Upon information and belief, Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II were transferees, participants and/or beneficiaries of the Period I Transfers.

24. By reason of the foregoing, Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and N.Y. Debtor and Creditor Law § 273, in addition to any other transfers later discovered to have been made to these Defendants and to recover the property so transferred or its value pursuant to Section 550(a) of the Bankruptcy Code.

25. In the event that it is discovered that the Debtors transferred additional sums to these Defendants that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

**SECOND CLAIM FOR RELIEF (AGAINST DEFENDANTS GABER, GABER ASSOCIATES, BRANDILA INVESTMENTS, HAL FORGOSH FAMILY TRUST I AND HAL FORGOSH FAMILY TRUST II)**
*(Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 274)*

26. Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "23" above and incorporates the same herein.

27. Upon information and belief, at the time of the Period I Transfers, the Debtors were engaged in a business for which property remaining in their hands after the Period I Transfers was an unreasonably small capital.

28. Upon information and belief, Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II were transferees, participants, and beneficiaries of the Period I Transfers.

29. By reason of the foregoing, the Period I Transfers are fraudulent as to both then-existing creditors and future creditors of the Debtors, and the Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law §

6

274, in addition to any other transfers later discovered to have been made to these Defendants, and to recover the property so transferred or its value, pursuant to Section 550(a) of the Bankruptcy Code.

30.    In the event that it is discovered that the Debtors transferred additional sums to these Defendants that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

### THIRD CLAIM FOR RELIEF (AGAINST DEFENDANTS GABER, GABER ASSOCIATES, BRANDILA INVESTMENTS, HAL FORGOSH FAMILY TRUST I AND HAL FORGOSH FAMILY TRUST II)
*(Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 275)*

31.    Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "28" above and incorporates the same herein.

32.    Pursuant to § 275 of the N.Y. Debtor and Creditor Law, every conveyance made without fair consideration when the person making the conveyance intends or believes that he or it will incur debts beyond his or its ability to pay as they mature is fraudulent as to both present and future creditors.

33.    Upon information and belief, the Period I Transfers were made to Defendants Gaber, Associates, Brandila, HFT I and HFT II without fair consideration when the Debtors intended or believed that they would incur debts beyond their ability to pay as they matured.

34.    By reason of the foregoing, the Period I Transfers are fraudulent as to both then-existing creditors and future creditors of the Debtors, and the Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 275, in addition to any other transfers later discovered to have been made to these Defendants,

and to recover the property so transferred or its value, pursuant to Section 550(a) of the Bankruptcy Code.

35.    In the event that it is discovered that the Debtors transferred additional sums to these Defendants that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

**II.    Alternative Claims under Title 25, Chapter 2 of the Laws of the State of New Jersey (Uniform Fraudulent Transfer Act) Against Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II**

### FOURTH CLAIM FOR RELIEF (AGAINST DEFENDANTS GABER, GABER ASSOCIATES, BRANDILA INVESTMENTS, HAL FORGOSH FAMILY TRUST I AND HAL FORGOSH FAMILY TRUST II)
*(Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and N.J. Stat. § 25:2-25)*

36.    Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "19", "23" and "28" above and incorporates the same herein.

37.    At the time of the Period I Transfers, the Debtors had failed to make property tax payments or payments of some or all of the cash receipts assessment imposed and collected by the New York Department of Health.

38.    Upon information and belief, (a) the Period I Transfers were made by the Debtors without the Debtors receiving a reasonably equivalent value in exchange for the Period I Transfers, and (b) the Debtors were engaged in a business for which the remaining assets of the Debtors were unreasonably small in relation to the business and/or the Debtors intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay as they became due.

8

39.     By reason of the foregoing, the Period I Transfers are fraudulent as to both then-existing creditors and future creditors of the Debtors, and the Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and N.J. Stat. §25: 2-25, in addition to any other transfers later discovered to have been made to these Defendants, and to recover the property so transferred or its value, pursuant to Section 550(a) of the Bankruptcy Code.

40.     In the event that it is discovered that the Debtors transferred additional sums to these Defendants that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

### FIFTH CLAIM FOR RELIEF (AGAINST DEFENDANTS GABER, GABER ASSOCIATES, BRANDILA INVESTMENTS, HAL FORGOSH FAMILY TRUST I AND HAL FORGOSH FAMILY TRUST II)
### *(Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and N.J. Stat. § 25:2-27)*

41.     Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "19", "21", "23", "28" and "37" above and incorporates the same herein.

42.     Upon information and belief, the Period I Transfers were made by the Debtors to these Defendants without the Debtors receiving a reasonably equivalent value in exchange for the Period I Transfers. .

43.     By reason of the foregoing, Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and N.J. Stat. § 25:2-27, in addition to any other transfers later discovered to have been made to these Defendants and to recover the property so transferred or its value, pursuant to Section 550(a) of the Bankruptcy Code.

9

44.     In the event that it is discovered that the Debtors transferred additional sums to these Defendants that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

III.    **Claims under Article 10, New York Debtor and Creditor Law, Against Defendants Krant, Bialick, K & B, LLC.**

**SIXTH CLAIM FOR RELIEF (AGAINST DEFENDANTS
KRANT, BIALICK, AND K & B, LLC)**
*(Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 273)*

45.     Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "19" and "21" through "23" above and incorporates the same herein.

46.     The Period I Transfers were arranged and directed by Defendants Krant, Bialick, and/or K & B, LLC or one or more of them.

47.     The Period I Transfers benefited Defendants Krant, Bialick and K & B, LLC by relieving them of possible liability to the State Court Plaintiffs, including the granting of a release to Defendant Krant.

48.     By reason of the foregoing, Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and N.Y. Debtor and Creditor Law § 273, in addition to any other transfers later discovered to have been made to or for the benefit of these Defendants and to recover from Defendants Krant, Bialick and K & B, LLC the value of the property so transferred pursuant to Section 550(a) of the Bankruptcy Code.

49.     In the event that it is discovered that the Debtors transferred additional sums to or for the benefit of these Defendants that have not been addressed by this Complaint, the Plaintiff

10

specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

## SEVENTH CLAIM FOR RELIEF (AGAINST DEFENDANTS KRANT, BIALICK, AND K & B, LLC)
### (Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 274)

50.     Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "22", "27", "28" "46" and "47" above and incorporates the same herein.

51.     By reason of the foregoing, the Period I Transfers are fraudulent as to both then-existing creditors and future creditors of the Debtors, and the Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 274, in addition to any other transfers later discovered to have been made to or for the benefit of these Defendants, and to recover from Defendants Krant, Bialick and K & B, LLC the value of the property so transferred, pursuant to Section 550(a) of the Bankruptcy Code.

52.     In the event that it is discovered that the Debtors transferred additional sums to or for the benefit of these Defendants that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

## EIGHTH CLAIM FOR RELIEF (AGAINST DEFENDANTS KRANT, BIALICK, AND K & B, LLC)
### (Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 275)

53.     Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "19", "22", "23", "33" "46" and "47" above and incorporates the same herein.

11

54.    Pursuant to § 275 of the Debtor and Creditor Law of the State of New York, every conveyance made without fair consideration when the person making the conveyance intends or believes that he or it will incur debts beyond his or its ability to pay as they mature is fraudulent as to both present and future creditors.

55.    By reason of the foregoing, the Period I Transfers are fraudulent as to both then-existing creditors and future creditors of the Debtors, and the Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and New York Debtor and Creditor Law § 275, in addition to any other transfers later discovered to have been made to or for the benefit of these Defendants, and to recover from Defendants Krant, Bialick and K & B, LLC the value of the property so transferred, pursuant to Section 550(a) of the Bankruptcy Code.

56.    In the event that it is discovered that the Debtors transferred additional sums to or for the benefit of these Defendants that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

**IV.    Alternative Claims under Title 25, Chapter 2 of the Laws of the State of New Jersey (Uniform Fraudulent Transfer Act) Against Defendants Krant, Bialick, and K & B, LLC**

**NINTH CLAIM FOR RELIEF**
**(AGAINST DEFENDANTS KRANT, BIALICK, AND K&B, LLC)**
*(Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and N.J. Stat. § 25:2-25)*

57.    Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "19", "23", "38", "46" and "47" above and incorporates the same herein.

58.    By reason of the foregoing, Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and N.J. Stat. § 25:2-25, in addition to any other transfers later discovered to have been made to or the benefit of these Defendants, and to recover from

12

Defendants Krant, Bialick and K & B, LLC the value of the property so transferred, pursuant to Section 550(a) of the Bankruptcy Code.

59.   In the event that it is discovered that the Debtors transferred additional sums to or for the benefit of these Defendants that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

### TENTH CLAIM FOR RELIEF
### (AGAINST DEFENDANTS KRANT, BIALICK, AND K&B, LLC)
*(Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and N.J. Stat. § 25:2-27)*

60.   Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "19", "21", "23","37", "42", "46" and "47"  above and incorporates the same herein.

61.   By reason of the foregoing, Plaintiff is entitled to avoid the Period I Transfers pursuant to 11 U.S.C. § 544(b) and N.J. Stat. § 25:2-27, in addition to any other transfers later discovered to have been made to or for the benefit of these Defendants, and to recover from Defendants Krant, Bialick and K & B, LLC the value of the property so transferred, pursuant to Section 550(a) of the Bankruptcy Code.

62.   In the event that it is discovered that the Debtors transferred additional sums to or for the benefit of these Defendants that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from these Defendants upon such discovery.

13

**IV.    Claims for Relief Against All Defendants Under, _inter alia_, Section 548 of the Bankruptcy Code**

**ELEVENTH CLAIM FOR RELIEF**
**(AGAINST ALL DEFENDANTS)**
***(Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1))***

63.    Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "19", "21", "23", "27", "33", "42", "46" and "47" above and incorporates the same herein.

64.    Certain of the Period I Transfers were made within two (2) years before the Petition Date. In particular, the respective Period I Transfers made on or about April 28, May 27, June 29, July 29, August 31, and possibly March 31, 2005were made within two (2) years before the Petition Date.

65.    By virtue of the foregoing, sufficient grounds exist, pursuant to Section 548(a)(1) of the Bankruptcy Code, to avoid those Period I Transfers, in addition to any other transfers later discovered to have been made to or for the benefit of any Defendant, and to recover from all Defendants the property so transferred or its value pursuant to Section 550(a) of the Bankruptcy Code.

66.    In the event that it is discovered that the Debtors transferred additional sums to or for the benefit of any Defendant within two (2) years before the Petition Date that have not been addressed by this Complaint, the Plaintiff specifically reserves the right to amend this Complaint to avoid and recover such sums from the Defendants upon such discovery.

**V.    Other Claims Against Defendants Krant and Bialick**

**TWELFTH CLAIM FOR RELIEF**
**(AGAINST DEFENDANTS KRANT AND BIALICK)**
***(Breach of Fiduciary Duties)***

67.    Plaintiff repeats, restates, and reiterates each and every allegation contained in

14

paragraphs numbered "1" through "19", "42", "46" and "47" above and incorporates the same herein.

68..    Upon information and belief, at all pertinent times, Defendants Krant and Bialick were members and controlling persons of Highgate LTC and Highgate Manor and were, therefore, insiders of the Debtors under 11 U.S.C. § 101(31).

69.    Upon information and belief, Defendants Krant and Bialick, individually and through Defendant K & B, LLC, provided accounting services to Highgate LTC and Highgate Manor at all pertinent times.

70.    By virtue of their status as insiders and accountants for the Debtors, Defendants Krant and Bialick owed fiduciary duties to the Debtors.

71.    Upon information and belief, Defendants Krant and Bialick breached their fiduciary duties to the Debtors by, among other things, participating in, and obtaining the benefits of, each of the transfers identified above, all beyond the scope of their authority.

72.    By virtue of the acts, conduct and omissions on the part of Defendants Krant and Bialick, constituting breach of fiduciary duties, Plaintiff is entitled to judgment against each such Defendant in the aggregate amount of the Period I Transfers and Period II Transfers, together with interest thereon and such other amounts as may be ascertained by Plaintiff according to proof adduced in discovery and/or at trial.

**THIRTEENTH CLAIM FOR RELIEF**
**(AGAINST DEFENDANTS KRANT AND BIALICK)**
**(Unjust Enrichment and Other Common Law Causes of Action)**

73.    Plaintiff repeats, restates, and reiterates each and every allegation contained in paragraphs numbered "1" through "19", "21", "37", "46" and "47" above and incorporates the same herein.

15

74.    Defendants Krant and Bialick individually and through their corporate affiliations assumed and exercised dominion over the funds which were the subject of the Period I Transfers and Period II Transfers, to the exclusion of the Debtors' ownership rights in said funds.

75.    In so doing, Defendants Krant and Bialick, without justification therefor, converted said funds to their own use and benefit.

76.    Defendants Krant and Bialick, in being relieved of liability to the State Court Plaintiffs, were unjustly enriched by the Debtors' making of the Period I Transfers and Period II Transfers.

77.    By virtue of the foregoing, acts, conduct and omissions by Defendants Krant and Bialick, Plaintiff is entitled to recovery of damages in an amount equal to the sum of the Period I Transfers and Period II Transfers, together with punitive damages, attorney's fees and interest thereon.

WHEREFORE, Plaintiff, Mark I. Fishman, Esq. as Trustee of the estates of Highgate LTC Management, LLC and Highgate Manor Group, LLC demands judgment against Defendants Howard S. Krant, Scott H. Bialick, Krant & Bialick, LLC, Leslie Gaber, Gaber Associates, Brandila Investments, Hal Forgosh Family Trust I and Hal Forgosh Family Trust II as follows:

a.    As to the **First Claim for Relief** against Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II, pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.Y. Debtor and Creditor Law § 273 avoiding, and recovering the amount of, the fraudulent transfers to the extent prayed for therein together with interest thereon; and

16

b.  As to the **Second Claim for Relief** against Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II, pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.Y. Debtor and Creditor Law § 274 avoiding, and recovering the amount of, the fraudulent transfers to the extent prayed for therein together with interest thereon; and

c.  As to the **Third Claim for Relief** against Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II, pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.Y. Debtor and Creditor Law § 275 avoiding, and recovering the amount of, the fraudulent transfers to the extent prayed for therein together with interest thereon; and

d.  As to the **Fourth Claim for Relief** for entry of judgment in the alternative against Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II, pursuant to 11 U.S.C. §§ 544(b) and 550(b) and N.J. Stat. 25:2-25 avoiding, and recovering the amount of, the fraudulent transfers to the extent prayed for therein together with interest thereon; and

e.  As to the **Fifth Claim for Relief** for entry of judgment in the alternative against Defendants Gaber, Gaber Associates, Brandila, HFT I and HFT II, pursuant to 11 U.S.C. §§ 544(b) and 550(b) and N.J. Stat. 25:2-27 avoiding, and recovering the amount of, the fraudulent transfers to the extent prayed for therein together with interest thereon; and

f.  As to the **Sixth Claim for Relief** against Defendants Krant, Bialick, and K & B, LLC, for entry of judgment, pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.Y Debtor and Creditor Law § 273 avoiding, and recovering the amount of, the

17

fraudulent transfers to the extent prayed for therein together with interest thereon; and

g. As to the **Seventh Claim for Relief** against Defendants Krant, Bialick, and K & B, LLC, for entry of judgment, pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.Y Debtor and Creditor Law § 274 avoiding, and recovering the amount of, the fraudulent transfers to the extent prayed for therein together with interest thereon; and

h. As to the **Eighth Claim for Relief** against Defendants Krant, Bialick, and K & B, LLC, for entry of judgment, pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.Y Debtor and Creditor Law § 275 avoiding, and recovering the amount of, the fraudulent transfers to the extent prayed for therein together with interest thereon; and

i. As for the **Ninth Claim for Relief** for entry of judgment in the alternative against Defendants Krant, Bialick, and K & B, LLC, pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.J. Stat. § 25:2-25 avoiding, and recovering the amount of, the fraudulent transfers to the extent prayed for therein together with interest thereon; and

j. As for the **Tenth Claim for Relief** for entry of judgment in the alternative against Defendants Krant, Bialick, and K & B, LLC, pursuant to 11 U.S.C. §§ 544(b) and 550(a) and N.J. Stat. § 25:2-27 avoiding, and recovering the amount of, the fraudulent transfers to the extent prayed for therein together with interest thereon; and

18

k.    As for the **Eleventh Claim for Relief** for entry of judgment against all

Defendants pursuant to 11 U.S.C. §§ 548(a)(1) and 550(a) avoiding, and

recovering the amount of, the fraudulent transfers to the extent prayed for therein

together with interest thereon; and

l.    As for the **Twelfth Claim for Relief** for entry of judgment against Defendants

Krant and Bialick in the aggregate amount of the Period I Transfers and Period II

Transfers, together with interest thereon, arising from breach of fiduciary duties;

and

m.    As for the **Thirteenth Claim for Relief** for entry of judgment against Defendants

Krant and Bialick in the aggregate amount of the Period I Transfers and Period II

Transfers, together with punitive damages, attorneys fees, and interest thereon,

arising from unjust enrichment and other common law causes of action; and

n.    For all costs and disbursements of this action, including reasonable actual

attorneys fees as may be allowed by the Court, and for such other and further

relief as to the Court may seem just and proper.

Dated: December 2, 2008

MARK I. FISHMAN, TRUSTEE

By:_____
(Louis J. Testa, Esq.
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, CT 06510
Phone: (203) 821-2000
ltesta@npmlaw.com
Attorneys for Trustee

M:\BANKRUPT.CY\Highgate\Highgate v. Gaber\COMPLAINT (GABER) v 5 12.01.08.doc

19